LAW OFFICES OF

## *Aidala, Bertuna & Kamins, P.C.*

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
DOMINICK GULLO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036

TELEPHONE: (212) 486-0011

FACSIMILE: (212) 750-8297

WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
JENNIFER CASSANDRA
PETER W. KOLP
WILLIAM R. SANTO
PETER S. THOMAS

**VIA ECF**                                                     December 5, 2019

Honorable Naomi Reice Buchwald
United States District Court - Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Maria Farmer v. Darren K. Indyke and Richard D. Kahn, in their capacities as the*
        *executors of the Estate Of Jeffrey Edward Epstein*, Civil Action No. 19-cv-10474

Dear Judge Buchwald,

We are counsel to non-party Alan Dershowitz (hereinafter "Dershowitz"). We respectfully submit this letter to request a pre-motion conference in compliance with Rule 2.B of the Court's Individual Practice Rules, and seek permission to file a motion for limited intervention in order to move to strike redundant, immaterial, impertinent, and scandalous matter contained in Maria Farmer's (hereinafter "Farmer") complaint pursuant to F.R.C.P. Rule 12(f), and separately, move for the imposition of sanctions, and an award attorney's fees and costs, against Farmer and her attorneys at Boies Schiller Flexner LLP (hereinafter "BSF"). Alternatively, we request that the Court exercise its authority pursuant to F.R.C.P. Rule 12(f)(1) and strike the offending content *sua sponte*.

Farmer has gratuitously included an impertinent, irrelevant and false allegation in her Complaint. The offending paragraph (39) reads as follows: *Eventually, Epstein modified Maria's job duties to focus on monitoring and keeping records of who entered Epstein's New York mansion. In her position at the front door, she observed that Maxwell was regularly bringing school-aged girls to the mansion and that the girls were always escorted upstairs.* **Among the guests that came to the mansion, Maria observed Alan Dershowitz, a lawyer, on a number of occasions, and observed that he would go upstairs at the same time the young girls were there.**

The scandalous and defamatory insinuation is blatantly clear and has no relevance to the two causes of action Farmer is bringing against the Defendants in this case: Battery and Intentional Infliction of Emotional Distress. At issue is whether Jeffrey Epstein committed the tort of battery against Farmer and intentionally inflicted emotional distress upon her for which Epstein's estate is liable. The irrelevant and false allegation levelled against Dershowitz has absolutely no bearing as to the elements of the two causes of action brought by Farmer, nor the anticipated defenses to be asserted by Epstein's Estate. There is simply no legitimate purpose for including the offending content in the Complaint, and it is entirely prejudicial, defamatory, and harmful to the reputation of Dershowitz, and was clearly interjected into the complaint out of spite, to defame and to solicit media attention.

Dershowitz has confronted the allegation made by Farmer previously. In a declaration attached to his Motion to Disqualify BSF as counsel for Virginia Giuffre in the *Giuffre v. Dershowitz* case, Dershowitz

stated the following: *Maria Farmer has filed an affidavit in which she falsely claims that she saw me walking up the steps of Jeffrey Epstein's house with young women. Not only is that claim absolutely and categorically false, it is provably false by the indisputable chronology. Farmer terminated any relationship she had with Epstein during the summer of 1996, when she was working for Leslie Wexner in Ohio and claims to have been assaulted by Epstein. I did not even meet Epstein until after Farmer terminated her relationship with him. I was never in Epstein's New York house until after Farmer was no longer in the house. There is no possible way that Farmer could have ever seen me in Epstein's house. Nor is there any possible way she could have seen me in the presence of Jeffrey Epstein with any underage females, because no such event could have occurred.*

The complaint posits the scandalous and salacious allegation to garner negative press for Dershowitz while he litigates on other fronts. Having successfully disqualified BSF from representing Virginia Giuffre in her action against him, the gratuitous inclusion of the allegation reeks of personal animus. To the detriment of Dershowitz, and as Farmer and her counsel at BSF surely anticipated, the media immediately picked up on the allegation. To this date Dershowitz continues to be hounded by media inquiries into the false and surreptitious allegations. For example, upon the filing of Farmer's Complaint, countless major news outlets included the allegations contained in Paragraph 39 in their reporting of the filing of the complaint, including but not limited to, the New York Times, the New York Post, the New York Daily News, The Daily Mail, and The Toronto Sun.

### Dershowitz is entitled to intervention pursuant to F.R.C.P. Rule 24

Dershowitz is permitted to intervention as of right pursuant to F.R.C.P. Rule 24(a)(2) and to permissive intervention pursuant to F.R.C.P. Rule 24(b)(1)(B). F.R.C.P. Rule 24(a)(2) requires the Court to allow anyone to intervene who claims an interest relating to the transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. **Injury to reputation satisfies this criteria.** (Sackman v. Liggett Grp., Inc., 167 F.R.D. 6, 20-21 [E.D.N.Y. 1996] citing Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 373, 392 [2d Cir. 1981]; In re Bank of New York Derivative Litig., 320 F3d 291, 300 [2d Cir 2003.])

Dershowitz's reputation is again being attacked and as such that he has an interest relating to the subject matter of this action. In defending the suit that Plaintiff have brought, the Defendants will not necessarily need to defend against or seek to disprove the false allegation that Dershowitz was at Epstein's home with young girls, which surely insinuates nefarious conduct. Only Dershowitz is situated to protect his reputational interest here.

As Dershowitz adequately meets the criteria for intervention of right, he surely meets the less restrictive requirements for permissive intervention. Rule 24(b)(2) provides that: *Upon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.* "[T]he words claim or defense [in permissive intervention] are not to be read in a technical sense, but only require some interest on the part of the applicant." (Louis Berger Grp., Inc. v. State Bank of India, 802 F.Supp.2d 482, 488 [S.D.N.Y. 2011] (quoting Dow Jones & Co. v. U.S. Dep't of Justice, 161 F.R.D. 247, 254 [S.D.N.Y. 1995]; United States v. Yonkers Bd. of Educ., 801 F.2d 593, 594–95 [2d Cir. 1986]; U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 [2d Cir. 1978]; Consumer Fin. Prot. Bureau v. Sprint Corp., 320 F.R.D. 358, 361 [S.D.N.Y. 2017])

Here, the Dershowitz adequately exemplifies "some interest on the part of the applicant" to satisfy the requirements of permissive intervention under Rule 24(b)(2) in protecting himself against gratuitous

defamation. Dershowitz seeks intervention for the <u>limited</u> purpose of moving to strike the allegation against him to the extent it gratuitously and impertinently alleges scandalous and salacious content bearing no relevance to the causes of action that Farmer brings against the Defendants. Dershowitz's motion will be timely as this request is filed approximately three weeks after the filing of Farmer's complaint and before the Defendants have joined issue by way of a responsive pleading, let alone the taking of any discovery. As such, it cannot be said that Dershowitz's limited intervention would unduly delay or prejudice the parties.

## Dershowitz will move to strike the allegation pursuant to F.R.C.P. Rule 12(f)

If permitted to intervene, Dershowitz will seek to strike the defamatory and baseless allegation in Paragraph 39 from Farmer's Complaint. The Court has authority to strike material that is "redundant, immaterial, impertinent, or scandalous" pursuant to F.R.C.P. Rule 12(f). Motions to strike will be granted when it is "clear that the allegations in question can have no possible bearing on the subject matter of the litigation.' (Lennon v. Seaman, 63 F. Supp. 2d 428, 446 [S.D.N.Y. 1999]; OTG Brands, LLC v. Walgreen Co., No. 13-CV-9066 (ALC), 2015 WL 1499559, at *5 [S.D.N.Y. Mar. 31, 2015] (a party seeking to strike allegations must show that evidence in support of the allegation would be inadmissible, the allegations have no bearing on relevant issues, and permitting the allegations to stand "would result in prejudice to the movant.") Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 [2d Cir. 1976]).

Furthermore, the Court has the authority to strike such material on its own accord pursuant to F.R.C.P. Rule 12(f)(1). In fact, Virginia Giuffre's allegations against Dershowitz contained the in the Motion for Joinder and in subsequent court filings in the CVRA case were eventually stricken from the record by Honorable Kenneth A. Marra, United States District Court for the Southern District of Florida *sua sponte* as being redundant, immaterial, impertinent, or scandalous matter pursuant to F.R.C.P. 12(f) upon Dershowitz motion for intervention in that case in order to move to strike. Judge Marra stated:

*"...Mr. Dershowitz moves to intervene "for the limited purposes of moving to strike the outrageous and impertinent allegations made against him and requesting a show cause order to the attorneys that have made them." As the Court has taken it upon itself to strike the impertinent factual details from the Rule 21 Motion and related filings, the Court concludes that Mr. Derschowitz's [sic] intervention in this case is unnecessary. Accordingly, his motion to intervene will be denied as moot. Regarding whether a show cause order should issue, the Court finds that its action of striking the lurid details from Petitioners' submissions is sanction enough. However, the Court cautions that all counsel are subject to Rule 11's mandate that all submissions be presented for a proper purpose and factual contentions have evidentiary support...and that the Court may, on its own, strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter".*

As the Hon. Jose A. Cabranes stated in *Brown v Maxwell*, 929 F3d 41, 47 (2d Cir 2019): *"Our legal process is already susceptible to abuse... Shielded by the "litigation privilege," bad actors can defame opponents in court pleadings or depositions without fear of lawsuit and liability."* Dershowitz is a victim of such abuse, and as such, he should be afforded the opportunity to seek relief by way of intervention.

Finally, if permitted to intervene, Dershowitz will seek the imposition of sanctions against Farmer and BSF, and an award of attorney's fees and costs, pursuant to 28 U.S.C. § 1927 and/or F.R.C.P. Rule 11.

Respectfully Submitted,

Imran H. Ansari

*CC: All Counsel of Record (via ECF)*

3