

<div align="right">
Telephone: (212) 446-2300<br/>
Email: jischiller@bsfllp.com
</div>

December 11, 2019

**VIA ECF**

The Honorable Naomi Reice Buchwald
District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    *Farmer v. Indyke et al.*,
               Case No. 19-cv-10474

Dear Judge Buchwald,

      Plaintiff Maria Farmer writes in response to non-party Alan Dershowitz's request for a pre-motion conference to seek permission to file a motion for limited intervention, to strike paragraph 39 of Plaintiff's complaint, and for sanctions.  Dkt. 9.

      Paragraph 39 of Maria's complaint states that "[i]n her position at the front door" of Epstein's mansion, "she observed that [Ghislaine] Maxwell was regularly bringing school-aged girls to the mansion," and that Maria "observed Alan Dershowitz, a lawyer, on a number of occasions, and observed that he would go upstairs at the same time the young girls were there." These allegations are directly relevant to establishing Maria's claims, and bolster the plausibility of the complaint's allegations as to the existence of a sex-trafficking conspiracy, the abuse Maria suffered, and how Epstein and his co-conspirators were able to coerce her to remain silent.  The allegations serve a legitimate purpose, and are in no way "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).

      For the following reasons, the Court should deny Dershowitz's request for a conference and his proposed motions in their entirety.

    **I.**    **Dershowitz Is Not Entitled to Intervene in This Matter.**

      Rule 24(a)(2) of the Federal Rules of Civil Procedure governs intervention as of right, and provides that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Dershowitz contends that he is entitled to intervene to protect his reputation, but he cannot show that these proceedings will impair or impede his ability to do so.

      As Dershowitz concedes, Plaintiff's allegation concerning Dershowitz was not a surprise to him.  *See* Dkt. 9 at 1–2.  In April of 2019, Plaintiff filed an affidavit in Virginia Giuffre's defamation case against Dershowitz.  *See* Affidavit of Maria Farmer, *Giuffre v. Dershowitz*, No.

Case 1:19-cv-10474-NRB   Document 10   Filed 12/11/19   Page 2 of 3



19 Civ. 3377 (S.D.N.Y. April 16, 2019), ECF No. 1-12.  In that affidavit, Plaintiff swore to and affirmed the same allegations about Dershowitz as those in paragraph 39:

> Alan Dershowitz was an individual who came to visit Epstein at his New York mansion a number of times when I was working for Epstein.  Dershowitz was very comfortable at the home and would come in and walk upstairs.  On a number of occasions I witnessed Dershowitz at the NY mansion going upstairs at the same time there were young girls under the age of 18 who were present upstairs in the house.

*Id.* ¶ 4.  Dershowitz has since filed a counter-claim for defamation against Giuffre, and will likely try to prove his innocence by taking discovery in that case.  Therefore, he has made no showing that he has a need to intervene in Plaintiff's case in order to protect his reputation.  Dershowitz is thus not entitled to intervention as of right.

Nor should the Court permit Dershowitz to intervene under Rule 24(b), which governs permissive intervention.  The Court may grant permissive intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  In exercising its discretion, the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978).

Dershowitz contends that he has a "claim or defense"—protecting his reputation against alleged defamation—that shares "a common question of law or fact" with Plaintiff's action.  Dkt. 9 at 2–3.  But, in reality, Dershowitz seeks to use intervention and a threatened motion to strike to make this case about a single paragraph in the complaint that was meant to corroborate Plaintiff's story.  His intervention would not contribute to the full development of the underlying factual issues in the suit—whether Epstein and Maxwell assaulted Plaintiff and the effect of that assault on her.  Instead, it would simply muddy the waters and perpetuate Dershowitz's pattern of attempting to salvage his reputation by making *himself*—as opposed to the victims and their abuse—the focus of different women's proceedings against Epstein.  And although Dershowitz contends that he seeks to intervene solely for the limited purpose of moving to strike paragraph 39, the last sentence of his letter indicates that he also seeks to file an unwarranted motion for sanctions against Plaintiff and her counsel simply for including in the complaint an allegation about him (to which Plaintiff previously swore) that makes him look bad.  Such a motion would unduly delay and prejudice the adjudication of Plaintiff's claims against Epstein.

## II.     A Motion to Strike the Allegation about Dershowitz in Paragraph 39 Would Fail.

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." "[T]he courts should not tamper with the pleadings unless there is a strong reason for so doing." *Donahue v. Asia TV USA Ltd.*, 208 F. Supp. 3d 505, 516 (S.D.N.Y. 2016) (Buchwald, J.) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).  Allegations that are "potentially relevant" to a plaintiff's claim should not be struck from the pleadings. *Id.* at 517; *see also Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) ("To prevail in such a motion [to strike],

2

Case 1:19-cv-10474-NRB   Document 10   Filed 12/11/19   Page 3 of 3



defendants must demonstrate that . . . the allegations have no bearing on the issues in the case . . . ."). Allegations may not be stricken based solely on a movant's denial of their veracity. *See Phelan v. Sullivan*, 541 F. App'x 21, 25 (2d Cir. 2013) (denying motion to strike where "allegedly defamatory statements accurately reflect their interpretations of the facts underlying the case, and [a party's] objections are primarily disagreements with whether the account of the facts on which [opposing parties] have chosen to rely is correct").[1]

Other victims of Epstein, including Giuffre, have also alleged that they witnessed Dershowitz visit Epstein's New York City home numerous times. Plaintiff's allegation about Dershowitz is therefore relevant to the plausibility of her assault allegations. The allegation would help a fact-finder conclude that her story is consistent with other women's accounts, and that it is therefore more likely to be true than false. Plaintiff's allegation about Dershowitz is also relevant to why she did not file her complaint sooner. The passage of time is a fact often weaponized against victims of sexual assault who do not immediately take legal action. For the past several years, Dershowitz has been viciously and publicly attacking and defaming the women who claim that they witnessed him participate in Jeffrey Epstein's sex trafficking scheme. This has dissuaded victims such as Plaintiff from accusing him of misconduct out of fear of the same treatment.

Because Plaintiff's allegations in paragraph 39 are relevant to her claims against Epstein, a motion to strike would be frivolous, and a pre-motion conference is unnecessary.[2] To the extent that the Court disagrees, Dershowitz has provided no reason that this topic could not be handled at the same time as the initial pretrial conference in this matter, after an Answer is filed.

*/s/ Joshua I. Schiller*

David Boies, Esq.
Joshua I. Schiller, Esq.
Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)

---

[1] Dershowitz cites a 2015 order from the CVRA case in the Southern District of Florida to support the proposition that the Court could strike paragraph 39 sua sponte. Dkt. 9 at 3. But that case's holdings are inapposite to the facts here. The CVRA court struck "lurid details," including details of sexual acts, holding that those allegations were not pertinent to the motion being decided. *Jane Doe 1 v. United States*, 08 Civ. 80736 (S.D. Fla. April 7, 2015), ECF No. 324 at 5, 7. Here, however, the paragraph Dershowitz seeks to strike does not contain any "lurid details," and is relevant to establishing Plaintiff's claims.

[2] Any motion for sanctions against Plaintiff or her counsel would be frivolous as well. Rule 11 requires that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Here, Plaintiff swore to substantively identical allegations in a prior affidavit and re-reviewed the allegations contained in paragraph 39 prior to the Complaint's filing, rendering any motion on that ground futile. Dershowitz also seeks to invoke 28 U.S.C. § 1927, which allows for attorneys' fees and costs if an attorney "multiplies the proceedings in any case unreasonably and vexatiously." Plaintiff submits that her good faith allegations in no way invited these gratuitous filings from Dershowitz, which are wholly meritless. If anything, it is Dershowitz's filing that constitutes unreasonable and vexatious conduct that would warrant attorneys' fees in favor of Plaintiff.

3