LAW OFFICES OF
Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA
MARIANNE E. BERTUNA
HON. BARRY KAMINS (RET.)
JOHN S. ESPOSITO
DOMINICK GULLO
MICHAEL T. JACCARINO
IMRAN H. ANSARI
ANDREA M. ARRIGO

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (212) 750-8297
WWW.AIDALALAW.COM

8118-13TH AVENUE
BROOKLYN, NEW YORK 11228
TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
JENNIFER CASSANDRA
PETER W. KOLP
WILLIAM R. SANTO
PETER S. THOMAS

**VIA ECF**  December 16, 2019

Honorable Naomi Reice Buchwald
United States District Court - Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Reply Letter**
*Maria Farmer v. Darren K. Indyke and Richard D. Kahn, in their capacities as the executors of the Estate Of Jeffrey Edward Epstein*, Civil Action No. 19-cv-10474

Dear Judge Buchwald,

We are counsel to non-party Alan Dershowitz (hereinafter "Dershowitz"). We respectfully submit this letter in reply to Maria Farmer's (hereinafter "Farmer") response letter [Dkt. No. 10] and in further support of Dershowitz's letter requesting a pre-motion conference [Dkt. No. 9] seeking permission to file a motion for limited intervention in order to move to strike redundant, immaterial, impertinent, and scandalous matter contained in Farmer's complaint pursuant to F.R.C.P. Rule 12(f), and separately, move for the imposition of sanctions, and an award attorney's fees and costs, against Farmer and her attorneys at Boies Schiller Flexner LLP (hereinafter "BSF").

Alternatively, Dershowitz requests that the Court exercise its authority pursuant to F.R.C.P. Rule 12(f)(1) to strike the offending content *sua sponte*, and thereby, render the instant request and proposed motion to strike moot.

Farmer's response letter fails to justify the inclusion of the "redundant, immaterial, impertinent, scandalous" matter in paragraph 39 of Farmer's complaint which amounts to little more than a gratuitous defamatory "cheap shot" at Dershowitz. In fact, the hyperbolic contents of the response letter is itself evidence of the campaign of personal animus waged against Dershowitz by BSF and its clients in court filings and beyond. It is of no importance whether the allegation contained in paragraph 39 of the Farmer's complaint was a "surprise" to Dershowitz as Farmer and her attorneys contend. Simply put, the salacious allegation has no place in the action filed by Farmer against the named defendants and serves no relevant purpose in light of the two causes of action she brings pursuant to New York law: Battery and Intentional Infliction of Emotional Distress.

Under New York law a "civil battery 'is an intentional wrongful physical contact with another person without consent' (*Rothman v City of New York*, 19 CIV. 0225 (CM), 2019 WL 3571051, at *16 [SDNY Aug. 5, 2019] citing *Charkhy v. Altman*, 252 A.D.2d 413, 414 [1st Dep't 1998]) and a successful claim for intentional infliction of emotional distress "requires a showing of (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3)

1

a causal connection between the conduct and the injury; and (4) severe emotional distress." (*Scotto v. The City of New York*, 18-CV-04228-LTS, 2019 WL 6701919, at *4 [SDNY Dec. 9, 2019] citing *Bender v. City of New York*, 78 F.3d 787, 790 [2d Cir. 1996] *Stuto v. Fleishman*, 164 F.3d 820, 827 [2d Cir. 1999]). Therefore, the allegation against Dershowitz is irrelevant and is of no consequence to Farmer in meeting her burden of proof as to the causes of action brought against the defendants.

In fact, confronted with this fact, Farmer's letter is devoid of any explanation on how the allegation against Dershowitz has any relevance to her claims. Plaintiff claims that the allegation is "meant to corroborate Plaintiff's story". No corroboration can be gleaned from the gratuitous allegation against Dershowitz. In fact, at the trial of this matter, such an allegation would likely be inadmissible on a number of evidentiary grounds.

Farmer cites to *Roe v. City of New York*, 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001) which held "To prevail on a motion [to strike] [the movant] must demonstrate that… the allegations have no bearing on the issues in the case…" Dershowitz has satisfied this criteria. Serving no legitimate purpose, other than to defame Dershowitz, the Court should permit Dershowitz to move to strike the allegation from Farmer's complaint as it clearly is "redundant, immaterial, impertinent, or scandalous" material pursuant to F.R.C.P. Rule 12(f). In the alternative, Dershowitz requests that the Court exercise its authority pursuant to F.R.C.P. Rule 12(f)(1) and strike the allegation *sua sponte* as the Honorable Kenneth A. Marra, United States District Court for the Southern District of Florida, did regarding allegations made against Dershowitz in *Jane Doe 1 and 2 v. United States of America*, 08-CV-80736-KAM, (2015).

Finally, Farmer claims that if Dershowitz seeks the imposition of sanctions against Farmer and BSF, and an award of attorney's fees and costs, pursuant to 28 U.S.C. § 1927 and/or F.R.C.P. Rule 11, it will cause undue delay. It should be noted, that a motion for sanctions pursuant to F.R.C.P. Rule 11 must be made separately from a F.R.C.P. Rule 12(f) motion to strike, and therefore, one is not encumbered by the other. In any event, Farmer fails to articulate how such a motion would cause delay and prejudice as to her claims against the defendants.

As cited in Dershowitz's initial letter, the Hon. Jose A. Cabranes stated: "*Our legal process is already susceptible to abuse… Shielded by the "litigation privilege," bad actors can defame opponents in court pleadings or depositions without fear of lawsuit and liability.*" (*Brown v Maxwell*, 929 F3d 41, 47 [2d Cir 2019]) Dershowitz is a victim of such abuse, and as such, he should be afforded the opportunity to seek relief by way of intervention.

Respectfully Submitted,

Imran H. Ansari, Esq.

*CC: All Counsel of Record (via ECF)*