Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

January 24, 2020

**ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Maria Farmer v. Darren K. Indyke and Richard D. Kahn, as Executors of the Estate of Jeffrey E. Epstein*, 1:19-cv-10474 (NRB)

Dear Judge Buchwald:

We represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced action. We write pursuant to Your Honor's Individual Rules 1(A) and 2(B) to request a pre-motion conference in connection with the Co-Executors' anticipated motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Maria Farmer's ("Plaintiff") Complaint (ECF No. 1) which is time-barred and impermissibly seeks punitive damages.

1. **Plaintiff is an Arkansas resident who alleges Decedent committed torts against her in Ohio in 1995 or 1996 when she was 26 years old.**

Plaintiff, who claims Arkansas citizenship and residency, alleges that Mr. Epstein ("Decedent"), now deceased, sexually assaulted her in 1995 or 1996 in Ohio. (Compl. ¶¶ 1, 11, 35, 46, 48.) Plaintiff asserts two causes of action -- battery and intentional infliction of emotional distress -- and demands punitive damages. (*Id*. ¶¶ 59 – 68, p. 15.)

2. **Plaintiff's causes of action are time-barred.**

CPLR § 202 provides that, when a non-New York resident such as Plaintiff sues on a cause of action accruing outside New York, the complaint must be filed timely under the statute of limitations of both New York *and* the jurisdiction where the cause of action accrued.[1] A claim that is untimely under one or both of the two jurisdictions must be dismissed.

The Complaint alleges torts that occurred between 1995 and 1996 in Ohio. (Compl. ¶¶ 1, 11, 35, 46, 48). Under N.Y. law, causes of action sounding in battery must be commenced within one year of accrual (CPLR § 215(3)); or, if Plaintiff's claims sound in personal injury, within three years (CPLR § 214(5)). Thus, under N.Y. law, Plaintiff's claims expired in 1999 at the latest.

---

[1] "In diversity cases in New York, federal courts apply … C.P.L.R. § 202." *Commerzbank AG v. Deutsche Bank Nat'l Tr. Co.*, 234 F. Supp. 3d 462, 467 (S.D.N.Y. 2017) (citation omitted).



Plaintiff's claims are also time-barred under the laws of Ohio, where the statute of limitations for battery is one year (Ohio Rev Code Ann § 2305.111(B)) and four years for intentional infliction of emotional distress (Ohio Rev Code Ann § 2305.09; *Riddick v Taylor*, 105 N.E.3d 446, 451 (Ohio Ct. App. 2018)).  Therefore, under Ohio law, Plaintiff's claims expired in 2000 at the latest.

### 3. Plaintiff's attempts to plead around the statutes of limitations fail.

Plaintiff erroneously alleges that her claims are timely pursuant to CPLR § 215(8)(a), her claims were equitably tolled, and that the Co-Executors are equitably estopped from asserting a statute of limitations defense. (Compl. ¶¶ 12-14.)  Each of these arguments fails as a matter of law.

First, CPLR § 215(8)(a) does not apply here. CPLR § 215(8)(a) provides:  "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action" (emphasis added).  Decedent's criminal indictment (the "Indictment"), which Plaintiff attaches to her Complaint, was not commenced with respect to Plaintiff.  Rather, the Indictment alleges that Decedent sexually abused "*minor* girls" (Compl., Ex. A at ¶ 1 (emphasis added)), stating throughout that it concerns sex trafficking of "minors" (*Id.*, Ex. A at ¶¶2 - 4, 6, 8, 11- 15, 18 - 20, 22) between 2002 and 2005 in New York and Florida (*Id.* , Ex. A at ¶¶2, 6, 7, 8, 20, 24).  Because Plaintiff alleges she was 26 when Decedent assaulted her in Ohio in 1995 or 1996 (*Id.* ¶¶ 1, 11, 35, 46, 48), this action and the Indictment arise from different events or occurrences.

New York courts apply CPLR § 215(8)(a) narrowly.  *See Christodoulou v. Terdeman*, 262 A.D.2d 595, 596 (2d Dept. 1999) (CPLR § 215(8)(a) applied only to claims based on events of February 26, 1993 and December 28, 1993, because it was only in connection with events of those two days that a criminal prosecution was commenced against defendant); *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (CPLR § 215(8)(a) inapplicable where incidents charged in criminal action and those alleged in civil action occurred on different dates); *McElligott v. City of N.Y.*, 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829, at *13 (S.D.N.Y. Dec. 7, 2017) (CPLR § 215(8)(a) inapplicable to claims against civil defendants not charged as co-defendants in criminal action, notwithstanding same events gave rise to both actions).  Plaintiff's connection to the Indictment is far more tenuous than the criminal-civil links unsuccessfully asserted in these cases.

Moreover, even if CPLR 215(8)(a) applies to Plaintiff's claims, which it does not, as discussed above, Plaintiff's claims are time-barred under Ohio law, and thus under CPLR § 202.

Second, Plaintiff fails to meet her burden to allege extraordinary circumstances sufficient to justify tolling or equitable estoppel.  Equitable tolling is only applied where a plaintiff is "prevented in some *extraordinary way* from exercising h[er] rights." *Viti v. Guardian Life Ins. Co. of Am.*, 10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633, at *30 (S.D.N.Y. Oct. 5, 2012), *adopted by*, 2013 U.S. Dist. LEXIS 174145 (S.D.N.Y. Dec. 11, 2013) (emphasis added) (citations omitted).  Under this doctrine, a court may, "under *compelling circumstances*, make *narrow exceptions* to the statute of limitations … 'to prevent inequity.'" *Id.* (emphasis added) (citations omitted).  "That the doctrine is to be employed only sparingly -- in '*extraordinary*' and '*compelling*' circumstances -- is reflected in the fact that the plaintiff bears the burden of persuasion to show that tolling is justified." *Id.* (emphasis added) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).  A late-filing party seeking equitable tolling must also demonstrate



she acted with "reasonable diligence" in pursuing her claims during the period she seeks to toll. *See id.* at *32 (citation omitted). Equitable estoppel only applies where a plaintiff knows her cause of action exists, but the defendant's conduct causes her to delay bringing suit. *See Yesh Diamonds, Inc. v. Yashaya*, No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744, at *5 (E.D.N.Y. Sept. 27, 2010). Equitable estoppel requires a plaintiff to show: "(i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to h[er] detriment." *Id.* (citation omitted). Tolling is inappropriate where, as here, a plaintiff fails to articulate any acts by a defendant that prevented the plaintiff from timely commencing suit. *See id.* at *6.

Here, Plaintiff's allegations regarding tolling and equitable estoppel allege no particularized acts or threats by Decedent in an effort to prevent Plaintiff from exercising her rights. (Compl. ¶¶ 13-14). Nor has Plaintiff alleged (i) Decedent made a misrepresentation to her and had reason to believe she would rely on it, or (ii) Plaintiff reasonably relied on it to her detriment.

Plaintiff's own allegations refute any notion that she was prevented from exercising her rights. Rather, Plaintiff's allegations establish she was both willing and able to come forward about the alleged wrongdoing almost immediately—she reported her alleged assault to three law enforcement agencies shortly after it occurred (*Id.* ¶¶ 49, 51) and disclosed it to Vanity Fair Magazine (*Id.* ¶¶ 53-54). There is no "extraordinary" basis to toll the statute of limitations or estop the Co-Executors from asserting a statute of limitations defense given these allegations.

**4. Plaintiff's claim for punitive damages fails as a matter of law.**

Courts in this District regularly grant motions to dismiss claims for punitive damages. *See, e.g., SJB v. N.Y.C. Dep't of Educ.*, No.03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. July 14, 2004) (Buchwald, J.) (granting motion to dismiss punitive damages claims because punitive damages were not statutorily available). Here, Plaintiff's claim for punitive damages must be dismissed as a matter of law.

The law in most U.S. jurisdictions, as reflected in the Restatement, is that "[p]unitive damages are not awarded against the representatives of a deceased tortfeasor." *Restat. (Second) Of Torts* § 908 cmt. a. *See also* NY EPTL § 11-3.2 (a)(1) ("For any injury, an action may be brought or continued against the personal representative of the decedent, *but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury*." (emphasis added)). "[T]here is a strong policy against the assessment of punitive damages against an estate on account of wrongful conduct of the decedent.'" *Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (quoting *Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996)).

Ohio law only permits punitive damages against a deceased tortfeasor's estate "in cases in which liability has been determined while the tortfeasor is alive." *Whetstone v. Binner*, 57 N.E.3d 1111, 1115 (Sup. Ct. Ohio 2016). Plaintiff did not even file this action until after Decedent died. Accordingly, the narrow holding in *Whetstone* is inapplicable.

Because there are no facts that would render Plaintiff's punitive damages claim proper, there is no reason to allow it to stand.



Respectfully submitted,


*s/Bennet J. Moskowitz*
Bennet J. Moskowitz