Troutman Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

March 27, 2020

**ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  ***Maria Farmer v. Darren K. Indyke and Richard D. Kahn, as Executors of the Estate
of Jeffrey E. Epstein**, 1:19-cv-10474 (NRB)*

Dear Judge Buchwald:

We represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of
Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced action. We write
pursuant to Your Honor's Individual Rule 2(B) to request a pre-motion conference in anticipation
of moving to dismiss Plaintiff Maria Farmer's ("Plaintiff") Amended Complaint (ECF No. 22)
because it is time-barred and impermissibly seeks punitive damages.

As a matter of context, we previously requested a pre-motion conference in anticipation of
moving to dismiss Plaintiff's original Complaint, on the same grounds. Your Honor, after
reviewing our request and Plaintiff's response, determined that the Co-Executors could bring
their motion "without the necessity of a pre-motion conference." (Feb. 24, 2020 Order (ECF. No.
16, p. 1).) Your Honor further Ordered:  "if, consistent with Rule 11, the plaintiff can assert
additional allegations to cure any alleged deficiencies raised by the defendants' letter, it would
be in the best interest of both the parties and the Court for the plaintiff to assert them now,
before briefing on the proposed motion … *if no amended complaint has been filed*, the parties
should confer on a briefing schedule." (*Id.* (emphasis added).) Plaintiff's amendments are
sparse, vague and fail to cure any of her pleading deficiencies.

**First, Plaintiff's causes of action are still time-barred.** Plaintiff alleges that Mr. Epstein, now
deceased, sexually assaulted her in 1996 in Ohio, when she was 26. (Am. Compl. ¶¶ 11, 47-
50.)  Plaintiff asserts two causes of action -- battery and intentional infliction of emotional
distress -- and demands punitive damages. (*Id.* ¶¶ 68 – 77, p. 17.)  Plaintiff's causes of action
are time-barred under Ohio and New York law.

Under New York law, causes of action sounding in battery must be commenced within one year
of accrual (CPLR § 215(3)); or, if Plaintiff's claims sound in personal injury, within three years
(CPLR § 214(5)).  Thus, under New York law, Plaintiff's claims expired in 1999 at the latest.
Under Ohio law, the statute of limitations for battery is one year (Ohio Rev Code Ann §
2305.111(B)); and for intentional infliction of emotional distress, four years (Ohio Rev Code Ann
§ 2305.09; *Riddick v Taylor*, 105 N.E.3d 446, 451 (Ohio Ct. App. 2018)).  Therefore, under Ohio
law, Plaintiff's claims expired in 2000 at the latest.

41917874v1



**<u>Second, Plaintiff's attempts to plead around the statutes of limitations still fail.</u>** Plaintiff still erroneously alleges that her claims are timely pursuant to CPLR § 215(8)(a), her claims were equitably tolled, and that the Co-Executors are equitably estopped from asserting a statute of limitations defense. (Am. Compl. ¶¶ 12-14.)  Each of these arguments still fails.

CPLR § 215(8)(a) does not apply here. It provides:  "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action." *Id.* (emphasis added). Mr. Epstein's criminal indictment (the "<u>Indictment</u>"), which Plaintiff attaches to her Complaint, was not commenced with respect to Plaintiff.  Rather, the Indictment alleges that Decedent sexually abused "*minor* girls" (Am. Compl., Ex. A at ¶ 1 (emphasis added)),   stating throughout that it concerns sex trafficking of "minors" (*Id.*, Ex. A ¶¶ 2 - 4, 6, 8, 11- 15, 18 - 20, 22) between 2002 and 2005 in New York and Florida (*Id.* , Ex. A ¶¶ 2, 6, 7, 8, 20, 24).  Because Plaintiff alleges she was 26 when Decedent assaulted her in Ohio in 1996, this action and the Indictment arise from different events or occurrences.

New York courts apply CPLR § 215(8)(a) narrowly. *See Christodoulou v. Terdeman*, 262 A.D.2d 595, 596 (2d Dept. 1999) (CPLR § 215(8)(a) applied only to claims based on events of February 26, 1993 and December 28, 1993, because it was only in connection with events of those two days that a criminal prosecution was commenced against defendant); *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (CPLR § 215(8)(a) inapplicable where incidents charged in criminal action and those alleged in civil action occurred on different dates). Here, the connection to the Indictment is far more tenuous than the criminal-civil links deemed insufficient in those cases.

Moreover, Plaintiff still fails to meet **_her burden on the pleadings_** to allege extraordinary circumstances sufficient to justify tolling or equitable estoppel. Equitable tolling is only applied where a plaintiff is "prevented in some **_extraordinary way_** from exercising h[er] rights." *Viti v. Guardian Life Ins. Co. of Am.*, 10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633, at *30 (S.D.N.Y. Oct. 5, 2012), *adopted by*, 2013 U.S. Dist. LEXIS 174145 (S.D.N.Y. Dec. 11, 2013) (emphasis added) (citations omitted).  "**_That the doctrine is to be employed only sparingly -- in 'extraordinary' and 'compelling' circumstances -- is reflected in the fact that the plaintiff bears the burden of persuasion to show that tolling is justified._**" *Id.* (emphasis added) (citation omitted).  A late-filing party seeking equitable tolling must also demonstrate she acted with "reasonable diligence" in pursuing her claims during the period she seeks to toll.  *See id.* at *32 (citation omitted).  Equitable estoppel only applies where a plaintiff knows her cause of action exists, but the defendant's conduct causes her to delay bringing suit.  *See Yesh Diamonds, Inc. v. Yashaya*, No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744, at *5 (E.D.N.Y. Sept. 27, 2010).  Equitable estoppel requires a plaintiff to show:  "(i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to h[er] detriment."  *Id.* (citation omitted).  Tolling is inappropriate where, as here, a plaintiff fails to articulate any acts by a defendant that prevented the plaintiff from timely commencing suit.  *See id.* at *6.

Plaintiff still fails to adequately plead any particularized acts or threats by Mr. Epstein that prevented her from exercising her rights for the nearly 25 years since she was allegedly assaulted.  Nor has Plaintiff sufficiently alleged that: (i) Mr. Epstein made a misrepresentation to her and had reason to believe she would rely on it; or (ii) Plaintiff reasonably relied on it to her



detriment. Plaintiff's Amended Complaint belies any notion by her counsel that she was prevented from exercising her rights until now. Rather, Plaintiff's allegations firmly establish that she has been both willing and able to repeatedly assert her claims ever since she was allegedly assaulted nearly 25 years ago. Plaintiff alleges that: she "called the [Ohio] police twice" immediately after Mr. Epstein assaulted her (Am. Compl. ¶¶ 51, 61); she later reported the alleged assault to the Sixth Precinct of the NYPD (*id.* ¶ 56); the Sixth Precinct referred her to the FBI (*id.*); she reported the alleged assault to the FBI (*id.*); she later reported the alleged assault to Vanity Fair (*id.* ¶ 58); and, now, she has clarified through her amendments that she went a step further, by speaking to the FBI years later, in 2006 (*id.* ¶ 63). Given these allegations, any suggestion by Plaintiff that she could not have brought this action until 2018 is just not credible.

Plaintiff's few new allegations made in a transparent attempt to gin up "extraordinary" bases for avoiding the statute of limitations are highly suspect in light of her omission of them from her original pleading. Moreover, they fail to overcome the fact that, per her own allegations, Plaintiff has been able to assert her rights ever since she was allegedly assaulted decades ago. Plaintiff now claims that Mr. Epstein and another person threatened her and that Mr. Epstein was "seen stalking [her] in New York" (Am. Compl. ¶ 70, 72). However, Plaintiff does not allege she was the one who witnessed the "stalking" or even when she learned of it. Nor does Plaintiff allege when or when the threats occurred. Accordingly, these vague allegations do not refute the years-long periods where she was, per her own allegations, repeatedly able to assert her rights. Still missing from Plaintiff's Complaint is any credible allegation establishing that she was somehow prevented from bringing this action **for nearly 25 years**. She was not.

Plaintiff previously asserted that whether she can invoke equitable tolling or estoppel is necessarily a fact issue which the Court should not decide on the pleadings. This is wrong. Where, as here, a plaintiff fails to sufficiently allege "extraordinary circumstances" to invoke these doctrines, dismissal based on the statute of limitations is warranted. *See Fairley v. Collins*, 09-Civ-6894 (PGG), 2011 U.S. Dist. LEXIS 26536, at *16 (Mar. 15, 2011 S.D.N.Y.) (Gardephe, J.) (finding equitable tolling did not apply and granting defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss complaint on statute of limitations grounds); *Abercrombie v. College*, 438 F. Supp. 2d 243 (S.D.N.Y. 2006) ("without adequate pleading, the issue is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations grounds").

**Third, Plaintiff's claim for punitive damages still fails as a matter of law.** Courts in this District regularly grant motions to dismiss or strike claims for punitive damages. *See, e.g., SJB v. N.Y.C. Dep't of Educ.*, No.03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. July 14, 2004) (Buchwald, J.) (granting motion to dismiss punitive damages claims because punitive damages were not statutorily available). Here, Plaintiff's claim for punitive damages must be dismissed as a matter of law because the law in most U.S. jurisdictions, as reflected in the Restatement, is that "[p]unitive damages are not awarded against the representatives of a deceased tortfeasor." *Restat. (Second) Of Torts* § 908 cmt. a. *See also* NY EPTL § 11-3.2 (a)(1) ("For any injury, an action may be brought or continued against the personal representative of the decedent, but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury." Ohio law only permits punitive damages against a deceased tortfeasor's estate "in cases in which liability has been determined while the tortfeasor is alive." *Whetstone v. Binner*, 57 N.E.3d 1111, 1115 (Sup. Ct. Ohio 2016). Plaintiff did not even file this action until after Mr. Epstein died. Accordingly, there is no reason to permit Plaintiff's punitive damages claim, which she is using as misplaced settlement leverage, to stand.

March 27, 2020
Page 4



Respectfully submitted,

*s/Bennet J. Moskowitz*
Bennet J. Moskowitz