UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNIE FARMER,

       Plaintiff,                         CASE NO.: 1:19-cv-10475 (LGS) (DCF)

         v.

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as the executors of
the ESTATE OF JEFFREY E. EPSTEIN, and
GHISLAINE MAXWELL,

       Defendants.

---

### DEFENDANTS DARREN K. INDYKE AND RICHARD D. KAHN'S, AS CO-EXECUTORS OF THE ESTATE OF JEFFREY E. EPSTEIN, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), through their undersigned counsel, hereby respond to the numbered paragraphs of Plaintiff's Complaint (ECF Doc. 1) as follows:

1.      Insofar as the reference to "Defendants" in paragraph 1 of the Complaint includes the Co-Executors, the Co-Executors deny the allegations in paragraph 1 of the Complaint. To the extent the reference to "Defendants" does not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2.      Insofar as the reference to "Defendants" in paragraph 2 of the Complaint includes the Co-Executors, the Co-Executors deny the allegations in paragraph 2 of the Complaint. To the extent the reference to "Defendants" does not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint.

3.      The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint.

4.      The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint, except admit the existence of the referenced court decision and refer thereto for the full text, terms and meaning thereof.

5.       The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint.

6.      The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint, except admit: (i) the existence of the referenced non-prosecution agreement and refer thereto for the full text, terms and meaning thereof; and (ii) that Jeffrey E. Epstein, now deceased ("Decedent"), served a jail sentence pursuant to a 2008 plea agreement, and refer thereto for the full text, terms and meaning thereof.

7.      The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint, except admit the existence of the referenced non-prosecution agreement and refer thereto for the full text, terms and meaning thereof.

8.      The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint, except admit the existence of the referenced article and refer thereto for the full text, terms and meaning thereof.

9.      The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint, except admit the existence of the referenced article and refer thereto for the full text, terms and meaning thereof.

10.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint.

11.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint.

12.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required and the reference to "Defendants" includes the Co-Executors, the Co-Executors deny the allegations in paragraph 16 of the Complaint.  To the extent a response is required and the reference to "Defendants" does not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint, but deny that CPLR § 215(8)(a) is applicable to this action.

16.     Paragraph 16 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and the references to "Defendants" include the Co-Executors, the Co-Executors deny the allegations in paragraph 16 of the Complaint.  To the extent a response is required and the references to "Defendants" do not include the Co-Executors, the Co-

Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint, but deny that such allegations toll any or all applicable statutes of limitations.

17.     Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and the references to "Defendants" include the Co-Executors, the Co-Executors deny the allegations in paragraph 17 of the Complaint.  To the extent a response is required and the references to "Defendants" do not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint, but deny that they are estopped from asserting any or all applicable statutes of limitations.

## PARTIES

18.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint.

19.     The Co-Executors admit the allegations in paragraph 19 of the Complaint.

20.     The Co-Executors admit the allegations in paragraph 20 of the Complaint.

21.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22.     The Co-Executors admit the allegations in the first sentence of paragraph 22 of the Complaint. The second sentence of paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 22 of the Complaint, except admit that, at the time of his death, Decedent beneficially owned entities which held interests in real property in the Southern District of New

- 4 -

York.  The third sentence of paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors deny the allegations in the third sentence of paragraph 22 of the Complaint insofar as they purport to characterize 28 USC § 1332, and refer thereto for the full text, terms and meaning thereof.

23.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint.

24.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 24 of the Complaint. The second sentence of paragraph 24 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors deny the allegations in the second sentence of paragraph 24 of the Complaint insofar as they purport to apply 28 USC § 1332, and refer thereto for the full text, terms and meaning thereof.

25.     Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint.

26.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 26 of the Complaint. The second sentence of paragraph 26 of the Complaint states a legal conclusion to which no response is required.

## **FACTUAL ALLEGATIONS**

27.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

28.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint, except admit that, at the time of his

death, Decedent beneficially owned interests in entities that held real property located at the New York and New Mexico addresses listed as well as in the U.S. Virgin Islands, Florida and France.

29.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

30.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint.

31.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint.

32.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint except admit: (i) that Decedent was arrested on July 6, 2019; and (ii) the existence of the indictment attached to Plaintiff's Complaint (the "Indictment"), and refer thereto for the full text, terms and meaning thereof.

33.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and refer to the Indictment for the full text, terms and meaning thereof.

34.     The Co-Executors deny the allegations of paragraph 34 of the Complaint to the extent they purport to interpret legal documents, except admit the existence of the Last Will and Testament of Decedent, dated August 8, 2019, and the referenced  Oaths of Willingness To Serve As Executor And Appointment Of Local Counsel, and refer thereto for the full text, terms and meanings thereof.

35.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint, except admit that Decedent died on August 10, 2019.

36.     The Co-Executors deny the allegations in paragraph 36 of the Complaint except admit that, on August 15, 2019, a petition for probate and for letters testamentary *In the Matter of the Estate of Jeffrey E. Epstein* was filed in the Superior Court of the Virgin Islands Division of St. Thomas and St. John; and the Co-Executors refer thereto for the full text, terms and meaning thereof.

37.     The Co-Executors deny the allegations in paragraph 37 of the Complaint, except admit the existence of the cited court filing and refer thereto for the full text, terms and meaning thereof.

38.     The Co-Executors deny the allegations in paragraph 38 of the Complaint, except admit the existence of the cited court order and letters testamentary and refer thereto for the full text, terms and meanings thereof.

39.     The Co-Executors deny the allegations in paragraph 39 of the Complaint, except admit the existence of Decedent's Last Will and Testament and refer thereto for the full text, terms and meaning thereof.

40.     Paragraph 40 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the Co-Executors deny the allegations in paragraph 40 of the Complaint except admit that, on August 19, 2019, a *nolle prosequi* was filed in *U.S v. Jeffrey Epstein*, 1:19-cr-00490-RMB (S.D.N.Y. (ECF Doc. 47-1)), which the court entered on August 29, 2019 (*see id*. at ECF Doc. 52); and the Co-Executors refer to the foregoing court filings for the full text, terms and meanings thereof.

41.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint.

41907217v2

42.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint.

43.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint.

44.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint.

45.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint.

46.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint.

47.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint.

48.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint.

49.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Complaint.

50.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint.

51.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint.

52.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Complaint.

41907217v2

53.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Complaint.

54.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of the Complaint.

55.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Complaint.

56.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Complaint.

57.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint.

58.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Complaint.

59.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Complaint.

60.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Complaint.

61.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of the Complaint.

62.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint.

63.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 of the Complaint.

41907217v2

64.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of the Complaint.

65.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Complaint.

66.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of the Complaint.

67.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the Complaint.

68.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of the Complaint.

69.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of the Complaint.

70.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of the Complaint.

71.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 of the Complaint.

72.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of the Complaint.

73.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of the Complaint.

74.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Complaint.

75.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of the Complaint.

76.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of the Complaint.

77.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 of the Complaint.

78.     The Co-Executors deny the allegations of paragraph 78 of the Complaint insofar as the reference to "Defendants" includes them.  To the extent the reference to "Defendants" does not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of the Complaint.

## FIRST CAUSE OF ACTION
### (Battery)

79.     The Co-Executors incorporate their answers to paragraphs 1-78 of the Complaint as if set forth fully herein.

80.     Paragraph 80 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 of the Complaint.  The Co-Executors further state that, to the extent the allegations in paragraph 81 of the Complaint characterize the referenced statutes, the statutes speak for themselves.  The Co-Executors refer to the referenced statutes for the full text, terms and meanings thereof.

41907217v2

82.     Paragraph 82 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint, but deny that CPLR § 215(8)(a) is applicable to this action.

83.     Paragraph 83 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 of the Complaint.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**(False Imprisonment)**</u>

84.     The Co-Executors incorporate their answers to paragraphs 1-78 of the Complaint as if set forth fully herein.

85.     Paragraph 85 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and the reference to "Defendants" in paragraph 85 of the Complaint includes the Co-Executors, the Co-Executors deny the allegations in paragraph 85 of the Complaint.  To the extent a response is required and the reference to "Defendants" in paragraph 85 of the Complaint does not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 of the Complaint.

86.     The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint,  but deny that CPLR § 215(8)(a) is applicable to this action.

- 12 -

88.    Paragraph 88 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 of the Complaint.

### THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

89.    The Co-Executors incorporate their answers to paragraphs 1-78 of the Complaint as if set forth fully herein.

90.    Paragraph 90 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and the reference to "Defendants" in paragraph 90 of the Complaint includes the Co-Executors, the Co-Executors deny the allegations in paragraph 90 of the Complaint.  To the extent a response is required and the reference to "Defendants" does not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 of the Complaint.

91.    Paragraph 91 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required and the reference to "Defendants" in paragraph 91 of the Complaint includes the Co-Executors, the Co-Executors deny the allegations in paragraph 91 of the Complaint.  To the extent a response is required and the reference to "Defendants" does not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 of the Complaint.

92.    Insofar as the reference to "Defendants" in paragraph 92 of the Complaint includes the Co-Executors, the Co-Executors deny the allegations in paragraph 92 of the Complaint.  Insofar as the reference to "Defendants" does not include the Co-Executors, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint, but deny that CPLR § 215(8)(a) is applicable to this action.

94.     Paragraph 94 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 of the Complaint.

The "PRAYER FOR RELIEF", "WHEREFORE" paragraph  and "JURY DEMAND" following paragraph 94 of the Complaint purport to state Plaintiff's prayer for relief and jury demand, respectively, to which no response is required.  To the extent that a response is required, the Co-Executors, based on lack of knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, deny that Plaintiff is entitled to any of the relief described therein, or to any relief whatsoever.

The Co-Executors deny any and all allegations in the Complaint not expressly admitted herein.

41907217v2

## **AFFIRMATIVE DEFENSES**

The Co-Executors, to the extent required by Fed. R. Civ. P. 8(c), assert the following affirmative defenses.  By pleading these defenses, the Co-Executors do not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff. Moreover, nothing stated herein is intended to or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred to the extent Plaintiff has not suffered any damages; alternatively, Plaintiff's claims are barred to the extent Plaintiff has not been damaged to the extent alleged, and failed to mitigate any damages she may have suffered.

3.      Contributory Negligence. If Plaintiff suffered or sustained any loss, injury, damage or detriment, and the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, negligence, and/or intentional misconduct of Plaintiff, Plaintiff's recovery herein is partially or completely barred.

4.      Assumption of Risk.  Plaintiff's claims are barred to the extent that, at the time and place of the incidents alleged in Plaintiff's Complaint, Plaintiff knew of and fully understood the danger and risks incident to their undertaking; but despite such knowledge, Plaintiff freely and voluntarily assumed and exposed herself to all risks of harm and the consequential injuries and resultant damages, if any.

5.      Comparative Fault of Third Parties.  If and to the extent that the Co-Executors are subjected to any liability to Plaintiff due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and intentional misconduct of persons or entities other than

- 15 -

Decedent, any recovery obtained by Plaintiff against the Co-Executors should be reduced in proportion to the respective negligence and fault and legal responsibility of all such other persons and entities, and their agents, servants and employees who contributed to or caused any such injury or damages, in accordance with the law of comparative negligence; the liability of the Co-Executors, if any, is limited in direct proportion to the percentage of fault actually attributed to Decedent.

6.      Statute of Limitations. The Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations, including without limitation because: (i) the New York Child Victims' Act, including without limitation CPLR 214-g, violates the New York Constitution and the U.S. Constitution; (ii) CPLR § 215(8)(a) is inapplicable to this action; (iii) the doctrines of equitable tolling and estoppel are unavailable to Plaintiff and otherwise inapplicable to this action; and (iv) Decedent's alleged conduct did not constitute an offense under New York Penal Law § 130, including without limitation because such alleged conduct occurred outside of New York.

7.      Intervening/Superseding Causes. To the extent the injuries and damages which Plaintiff alleges were proximately caused by, or contributed to by, the acts of persons or entities other than Decedent, and said acts were intervening or superseding causes of the injuries and damages, if any, which Plaintiff alleges, Plaintiff is barred from any recovery against the Co-Executors.

8.      Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

9.      To the extent Plaintiff seeks damages that are punitive in nature, they are barred including without limitation pursuant to N.Y. E.P.T.L. § 11-3.2.

10.     Plaintiff's claims are barred to the extent she is simultaneously prosecuting her claims in the Southern District of New York and the Superior Court of the Virgin Islands Division of St. Thomas and St. John.

The Co-Executors have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely upon such affirmative defenses as may become available or apparent during discovery. The Co-Executors further reserve the right to amend their Answer accordingly.

Dated: New York, New York
        March 27, 2020

By: */s/ Bennet J. Moskowitz*
    Bennet J. Moskowitz
    TROUTMAN SANDERS LLP
    875 Third Avenue
    New York, New York 10022

    *Attorneys for Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein*

41907217v2